IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES ANTHONY WILLIS,            )
                                   )
            Plaintiff,             )
                                   )
       v.                          )       1:17CV431
                                   )
ATLAS SIGN INDUSTRIES NC LLC,      )
                                   )
            Defendant.             )

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff Charles Anthony Willis's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with a Complaint for Employment Discrimination (Docket Entry 2). For the reasons that follow, the Court will grant the instant Application for the sole purpose of recommending dismissal for lack of timeliness.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as

ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the statute governing pauper applications provides for dismissal at "any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous . . . ."  28 U.S.C. § 1915(e)(2).

"The word frivolous is inherently elastic and not susceptible to categorical definition . . . .  The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy, 376 F.3d at 256-57 (internal quotation marks omitted).  As concerns this case, an action fails as frivolous when "it appear[s] on the face of the complaint . . . that the applicable statute of limitations bars [the plaintiff's claims] . . . ."  Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983); see also Nasim, 64 F.3d at 956 ("[T]he [district] court found that [the plaintiff's claim] was barred by the applicable . . . statute of limitations.  In these circumstances, the district court did not abuse its discretion in concluding that the action was frivolous under 28 U.S.C. § 1915(d).").[1]

---

[1] The frivolousness provision of Section 1915 that now appears in subsection (e) formerly appeared in subsection (d).  See Nagy, 376 F.3d at 255.

DISCUSSION

Plaintiff's Complaint for Employment Discrimination asserts a claim under "Title VII of the Civil Rights Act of 1964" (Docket Entry 2 at 3),[2] alleging that Plaintiff suffered "[t]ermination of [his] employment" due to "discriminat[ion] against [him] based on [his] . . . race [and] color" (id. at 4).  That claim qualifies as untimely and thus frivolous under Section 1915(e)(2)(B)(i).

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding his alleged firing based on his race (id. at 8).  The EEOC dismissed that Charge of Discrimination and notified Plaintiff of his right to "file a lawsuit . . . based on th[at] charge in federal or state court."  (Id. at 7; see also id. (warning Plaintiff as follows: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (emphasis in original))).  "[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."  42 U.S.C. § 2000e-5(f)(1).  That 90-day period establishes a statute of limitations.  See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

Plaintiff's Complaint for Employment Discrimination expressly acknowledges that the EEOC "issued a Notice of Right to Sue letter,

---

[2] Pin citations to this document refer to the page numbers in the footer appended to it upon its docketing via the CM/ECF system.

which [he] received on January 5, 2017." (Docket Entry 2 at 9 (internal parenthetical omitted).) Plaintiff, however, did not sign his Complaint for Employment Discrimination until May 8, 2017 (id. at 10; see also Docket Entry 1-1 at 1 (bearing postal mailing date of May 8, 2017)) and the Court did not receive it until May 10, 2017 (Docket Entry 1-1 at 1; see also Docket Entry 2 at 1). In other words, based on Plaintiff's own allegations on the face of his Complaint for Employment Discrimination, Plaintiff commenced this action more than a month beyond the 90-day limit set by Section 2000e-5(f)(1).

The Court notes that Plaintiff's Complaint for Employment Discrimination alleges that he received the Notice of the Right to Sue Letter on the same date that the EEOC mailed it. (Compare Docket Entry 2 at 9, with id. at 7.) Even if, in light of that consideration, the Court could disregard Plaintiff's allegation about the receipt date and treat the date as unknown, in such circumstances, "it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules [of Civil Procedure]." Nguyen v. Inova Alexandria Hosp., No. 98-2215, 187 F.3d 630 (table), 1999 WL 556446, at *3 (4th Cir. 1999) (unpublished); accord, e.g., Jenkins v. City of San Antonio Fire Dep't, 784 F.3d 263, 264-67 (5th Cir. 2015). Under such presumption, the Court would apply a receipt date of January 9,

2017.[3]  Plaintiff's Complaint for Employment Discrimination thus would remain untimely, as the statute of limitations would have run no later than April 10, 2017,[4] nearly a month before he commenced this action.

## CONCLUSION

This action obviously fails due to its untimeliness.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF RECOMMENDING DISMISSAL.**

**IT IS RECOMMENDED** that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

June 1, 2017

---

[3] The third day after the date of mailing, January 8, 2017, falls on a Sunday.

[4] The 90-day period actually would have concluded on Sunday, April 9, 2017.